McGown, J.
This action was brought upon a promissory note, made by Christopher B. Keogh and Henry C. Smith, copartners, dated July 30, 1892, payable three months after date, to the order of the defendant Frank Tryon, at the Bowery Bank, for the sum of $186.05.
The complaint alleges the making of the note, its delivery to defendant Tryon, its indorsement by Tryon before maturity and *147 delivery to the Kentucky Union Lumber Company and its subsequent transfer to the plaintiff.
Plaintiff alleges in his complaint, “ That he is informed and believes, that when said note became due and payable, it was duly presented for payment to the said makers thereof, at the said Bowery Bank, and payment thereof was duly demanded, but the same was not paid; and said note was duly protested for non-payment; that due notice of said demand of non-payment and protest was given to the defendant.”
And also alleges the non-payment of the note.
Defendant in his answer admits the making of the note, his indorsement, "and the delivery thereof to the Kentucky Union Lumber Company and the non-payment thereof. Denies its transfer to plaintiff, and that the plaintiff is now the owner and holder thereof, and,
“ Third. This defendant denies that he has any knowledge or information, sufficient to form a belief, that the note was duly presented for payment to the makers thereof at the Bowery Bank, and payment thereof demanded, and that said note was duly protested for nonpayment.
“ Fourth. He denies that due notice of such demand, non-payment and protest was given to this defendant.”
Defendant served with his answer an affidavit that he has not received notice of non-payment of the note.
The note became due on October 30th and Rovember 2, 1890.
Upon the trial, the note was put in evidence by the plaintiff, and plaintiff offered in evidence a letter written by the defendant to the Kentucky Union Lumber Company, dated December 10, 1892.
In the letter defendant says: “ If you positively refuse to do so, I shall not take any advantage of the failure of the notice of protest, and will pay the note, but, well, put yourself in my place and act accordingly.”
Defendant’s counsel objected to its admission as incompetent, etc., “ and that it is not within the pleadings, they being for a protest, not for a subsequent promise to pay, and that is what we came here to defend.”
The objection was overruled and letter admitted in evidence, and marked plaintiff’s' exhibit “ B,” to which ruling defendant’s counsel excepted.
The jury returned their verdict in favor of the plaintiff. The question raised upon appeal is as stated in the appellant’s brief.
“ Can the plaintiff, declaring against the indorser on presentation and protest of a promissory note in due form, prove excuse for failure to protest without any averment of that character in the complaint”
In Clift v. Rodger, 25 Hun, 39, the same question arose and was passed upon. The ,aetion was upon a promissory note made by one Margaret A. Bhoades, and indorsed by defendant.
The complaint, among other things, alleged “that said note was then and there duly protested for non-payment, of all which the said defendant" Bodger had notice.”
*148 The plaintiff, upon the trial, before a referee, failing to prove that notice of dishonor of the note was given to the indorser, the defendant, sought to recover by showing that no notice was necessary, and that defendant was liable as indorser by reason of having taken the security of the maker, etc.
Evidence was admitted by the referee of certain facts with a view of showing that no notice of protest was necessary after it appeared that no notice of dishonor of note was given to the indorser.
The evidence was objected to and received against the defendant’s exception. Hardin, J., in his opinion says, “As a general rule, notice of presentment and nonpayment must be given to an indorser, as a condition precedent to a recovery against him. The exceptions to this rule are laid down in the cases in the state to be -where,
“(1) The indorser has taken a general assignment of the maker’s property.
“(2) Where there has been a waiver of the notice of protest, or it clearly appears that the absence of the notice did not, and could not, work injury or damage to the indorser. * * * The question presented sharply in this case is, can a holder recover, when he does not prove' notice of dishonor, and seeks to bring himself within one of the exceptions, without averring the fact or facts necessary to constitute the exception ?
“We have seen that without such proof the holder has nó cause of action. * * * In case he is not able to make proof of notice of dishonor, he needs to prove other fact or facts, and to that end he should aver that fact or facts which form an essential part of his cause of action. * * *
“ The proof, we have seen, was essential, and part of the plaintiff’s case, and without such proof he could not recover,’ and without an averment of the ‘ fact or facts ’ constituting his cause of action, he ought not to be allowed to make the needed proof.”
The judgment was reversed. All the judges concurring with Hardin, J.
In Garvey v. Fowler, 6 N. Y. Supr. Ct.; 4 Sandf., 667, in a similar case, all the judges concurring with Duer, J., held that as the plaintiff would be bound to prove such “ fact or facts ” he must aver them in his pleading.
Neither of the above cases, as far as we can ascertain after a careful examination, have ever been reversed, distinguished or modified.
We have also examined all the cases cited by respondent’s attorney in his brief and find nothing therein to change or modify the rulings in the cases above cited.
The admission in evidence, therefore, of the letter of defendant, plaintiff’s exhibit “ B,” by the trial justice was error, and the judgment and order appealed from must be reversed, with costs to the appellant to abide the event.